UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN ADELMAN, ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 09-11527-NG |
| ) | |
| HARMON LAW FIRM, ET AL., ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

GERTNER, D.J.

On September 8, 2009, Plaintiff John Adelman, a resident of Salem, Massachusetts and an alleged disabled man, filed a Complaint along with a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

The Complaint is set forth in narrative form, without numbered paragraphs, and is not entirely coherent. The factual background underlying his claims is not clearly set forth; however, from what can be gleaned, it appears that Plaintiff asserts violations of Title III of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") arising out of a mortgage foreclosure.[1]

Specifically, Plaintiff alleges that:

> Harmon Law Firm sent me a fax explaining the Foreclosure Salem [sic] of my property; 45 Broad Street, #1, Salem, Massachusetts was suspended indefinately [sic] due to the existence of a Forebearance [sic] Agreement. They have since forclosured [sic] on my property five months later. Francis J. Nolan Harmon Law Offices, P.C. REFUSED to provide the Forebearance [sic] Agreement referred to in the fax to me.

---

[1] It appears that Plaintiff has copied into this pleading portions of a letter received by him in response to a request sent for information on how to file a Complaint under Title III of the ADA and Section 504 of the Rehabilitation Act.

Compl. at 1.[2]

Plaintiff also asserts that he wrote to Massachusetts Attorney General Martha Coakley ("AG Coakley") about this matter and that she failed to carry out her oath of office and her duty to protect disabled persons. Id. He claims that he was denied assistance by the Office of the Attorney General ("AGO") because he had threatened to sue the Commonwealth of Massachusetts, and therefore the AGO viewed him as an adversary. He also claims that all the Defendants were aware of his mental health disabilities. He seeks $4,000,000.00 in damages to be deposited in a trust for his benefit.

On September 29, 2009, this Court denied Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) as defective because it was not filed under the penalties of perjury. Plaintiff was afforded an opportunity to renew his *in forma pauperis* request under the penalties of perjury within 21 days. Procedural Order (Docket No. 4).

On October 15, 2009, Plaintiff filed a renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 5).

## DISCUSSION

I.      The Renewed Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff's renewed *in forma pauperis* request cures the deficiency in his earlier motion, as it is signed under the penalties of perjury in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff's financial disclosures indicate that he lacks sufficient funds to pay the $350.00 filing fee. Accordingly, it is Ordered that Plaintiff's renewed Motion for Leave to Proceed *in forma*

---

[2]A forbearance agreement serves to permit a homeowner to halt the foreclosure process by creating a temporary repayment plan with the lender.

*pauperis* (Docket No. 5) is ALLOWED.

II.     Screening of the Complaint

Because the Plaintiff is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statue authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In connection with this preliminary screening, Plaintiff's *pro se* Complaint is construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);   Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).   The Complaint is also construed in accordance with Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

III.    Claims Against the AGO

With respect to the claims against the AGO, broadly construed, the Court considers this as a claim for failure to comply with the ADA and Section 504 as required, based on the denial of equal opportunities to enjoy and participate in the AGO's services for the disabled, and/or based on his allegations of retaliation for a complaint of a violation of the ADA or of Section 504.[3]  Although Plaintiff fails to set forth his claim in accordance with Rule 8 of the Federal

---

[3]According to the AGO's website, its policy is to comply with state and federal laws and regulations (including the ADA and Section 504) prohibiting discrimination on the basis of disability in admission or access to, or in the administration of, its programs, services, and activities for the public.  The AGO policy is to make reasonable accommodation to the known physical and mental limitations of people with disabilities in order to provide an equal

Rules of Civil Procedure,[4] in that he fails to set forth underlying factual information to support this claim (*i.e.*, the "who, what, when, where and why" type of information), the Court will not, in light of Plaintiff's disabilities, require the Plaintiff to amend the Complaint at this time, where it appears that the AGO may have its own record of this dispute.  In any event, should the AGO require further information to file a meaningful response, it may see relief pursuant to Fed. R. Civ. P. 12(e) (motion for a more definite statement).

IV.     Claims Against AG Coakley

Plaintiff indicates in his Complaint that his claims are asserted against AG Coakley in her individual capacity, for her direct failure to intercede in this matter despite her knowledge of the situation.  Notwithstanding the same Rule 8 problems noted above, the Court will permit this

---

opportunity to enjoy and participate in the AGO's programs, services, and activities available to the public, and not to retaliate against any individual who has complained of or opposed a violation of the ADA or of Section 504.  The AGO has adopted an administrative grievance procedure to resolve complaints by members.  Additionally, the AGO enforces federal and state laws protecting the rights of individuals with disabilities, including Title III of the ADA, among others.

[4]Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957));  see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Additionally, Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (as amended, effective December 1, 2007).

claim to proceed as well, and a summons shall issue.

V.	Claims Against Francis J. Nolan and/or Harmon Law Firm

Plaintiff's claims against the non-governmental Defendants, Attorney Francis J. Nolan and Harmon Law Firm, are more problematic for the Court. First, because Plaintiff's allegations reference the firm and the attorney interchangeably, it is unclear whether the Harmon Law Firm is a named party (as opposed to a modifier of the individual Defendant, Francis J. Nolan, Esq.), or whether both the law firm and the individual are intended to be parties to this action. Even assuming that both the firm and the attorney were meant to be parties to this action, Plaintiff's ADA and Section 504 claims are not sufficiently set forth to state a plausible claim upon which relief may be granted, in accordance with Fed. R. Civ. P. 8.

The only allegation against these Defendants is that they failed to provide him with a copy of the Forbearance Agreement after he asked for it. This allegation, standing alone, does not set forth an ADA or a Section 504 claim, nor can this Court reasonably infer from these allegations that such a claim exists. Even if their actions resulted in a foreclosure of the property, Plaintiff still fails to set forth plausible claims under either of those statutes. The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-517 (2004). Here, there is nothing alleged to indicate that the law firm or the lawyer is a place of public accommodation subject to the requirements of Title III of the ADA. While Plaintiff does not describe the law firm or the attorney's involvement in the matter, the Court infers that these Defendants were engaged in the practice of

5

law representing a client adverse to Plaintiff. Nothing about that function would implicate Title III of the ADA.

Similarly, Section 504 provides that "no otherwise qualified individual with a disability... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. . . ." 29 U.S.C. § 794(a). To show a violation of this Act, a plaintiff must show that: (1) he has a disability for purposes of the Rehabilitation Act, (2) that he is 'otherwise qualified' for the benefit that has been denied, (3) that he has been 'denied the benefits' solely by reason of his disability, and (4) that the benefit is part of a 'program or activity receiving Federal financial assistance.'" Blatch v. Hernandez, 360 F. Supp. 2d 595, 628 (S.D.N.Y. 2005) (internal citations omitted). Here, apart from Plaintiff's allegation that he is disabled and has a disability for purposes of Section 504, he has failed to set forth any facts to support a claim that these private Defendants denied him benefits by reason of his disability, nor has he alleged any facts showing that these Defendants are part of a program or activity receiving federal funds.

Further, even if this Court were to consider Plaintiff's claims as raising civil rights violations under 42 U.S.C. § 1983, such claims are not cognizable against these Defendants. In order to state a §1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992). Here, Plaintiff he has failed to set forth any facts to show that either the Harmon Law Firm or

Attorney Francis J. Nolan were acting under color of state law, nor can this Court reasonably infer that the Defendants were state actors simply by virtue of their (presumed) representation of the mortgage lender.[5]

Additionally, even if Plaintiff could demonstrate that Harmon Law Firm was a state actor, any § 1983 claim against the Harmon Law Firm would still not be cognizable because under the facts presented, a claim could only be based on the alleged wrongful actions of Attorney Nolan on the theory that the law firm is vicariously liable for the actions of its employees.  As such, it fails because there is no *respondeat superior* liability under § 1983.  "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under § 1983.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)).  See Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights).  Here,

---

[5] It is "only in rare circumstances" that private parties can be viewed as state actors.  Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1 (1st Cir. 2005) citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982) (discussing state action requirement).  The United States Court of Appeals for the First Circuit employs a three-part test to determine whether a private party can be characterized as a state actor: the state compulsion test, the nexus/joint action test, and the public function test.  Estades-Negroni, 412 F.3d at 4-5 citing Rockwell v. Cape Cod Hosp., 26 F.3d 254, 257 (1st Cir. 1994) and Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18-21 (1st Cir. 1999).  Without expounding on these factors, suffice it to say that Plaintiff has not set forth circumstances that would indicate that the Harmon Law Firm or Attorney Nolan have exercised coercive power or significant encouragement such that the challenged conduct must be deemed to be that of the State, nor has he set forth any circumstances demonstrating a position of interdependence with the State such that they could be considered a joint participant with the State in the challenged conduct.  Finally, Plaintiff has not alleged sufficient facts showing that the private party Defendants, in engaging in the challenged conduct, performed a public function that traditionally is the prerogative of the State.  Estades-Negroni, 412 F.3d at 8.

there is no factual basis asserted for direct liability of the Harmon Law Firm.[6]

Notwithstanding that he is proceeding *pro se* and lacks legal skills, the burden is on Plaintiff to set forth his claims in a manner that would permit Attorney Francis J. Nolan and Harmon Law Firm to file a meaningful response.  Here, it would be unfair to them to require them to peruse the Complaint and guess as to the nature of the claims against them.  The skeletal Complaint simply fails to set forth any grounds from which a disability discrimination claim could be discerned against private parties.  As the United States Supreme Court has recently stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (May 18, 2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555).  See Chiang v. Skeirik, --- F.3d ----, 2009 WL 3068792, *5 (1st Cir. Sept. 28, 2009) ("'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' [citing Maldonado v. Fontanes], 568 F.3d 263, 268 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).")

Accordingly, the Court will not permit any summonses to issue as to Defendants Attorney Francis J. Nolan and the Harmon Law Firm, and Plaintiff's claims against these Defendants shall be dismissed within 35 days of the date of this Memorandum and Order unless

---

[6]The same is true even if Plaintiff could show that the law firm was a federal actor for purposes of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (the federal common-law counterpart for asserting constitutional deprivations by state actors). See, e.g., Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (no *respondeat superior* liability under Bivens); Capozzi v. Department of Transp., 135 F. Supp. 2d 87, 98 (D. Mass. 2001) (citing Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000)).

Plaintiff demonstrates good cause in writing why these claims should not be dismissed, by setting forth plausible claims upon which relief may be granted, including the factual basis underlying each cause of action.

Any show cause response shall not exceed five (5) pages and shall not simply reassert the allegations contained in the Complaint.  Again, Plaintiff must provide both the legal basis for his claims of disability discrimination against these Defendants, as well as the factual underpinnings in support of his claims.

Failure to comply with this directive will result in a dismissal of these claims.

VI.     Issuance of Summonses; Service of Process by the United States Marshal Service

In accordance with the above discussion, the Clerk is directed to issue summonses as to Defendants Office of the Attorney General for the Commonwealth of Massachusetts, and Massachusetts Attorney General Martha Coakley only.  No summonses shall issue as to Harmon Law Firm or Attorney Francis J. Nolan pending further Order of this Court.

It is further Ordered that the Clerk shall send the summonses, Complaint, the standard forms for service and instructions, and this Order to Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m).

The Plaintiff may elect to have service made by the United States Marshal.  If directed by the Plaintiff to do so, the United States Marshal shall serve a copy of each summons, Complaint, and this Order upon the Defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal.[7]

---

[7] It is Plaintiff's responsibility to provide the necessary paperwork and service information to the United States Marshal Service in order to effect service or process.  See Fed. R. Civ. P. 4(c) (setting forth procedures for service of various types of defendants).

Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service.

VII.	Declination to Appoint Pro Bono Counsel

In anticipation that Plaintiff may respond to this Memorandum and Order by a request for court appointed counsel, the Court has considered whether appointment of *pro bono* counsel is warranted at this juncture, particularly where, in light of his asserted disabilities, he may have difficulties in effecting proper service of process on the governmental Defendants in accordance with the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[8]  However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

At this juncture, even given Plaintiff's alleged difficulties and his indigency, the Court cannot find that exceptional circumstances exist warranting appointment of *pro bono* counsel. In

---

[8]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. *Cf.* 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

short, while this Court will permit some of his claims to proceed after a preliminary screening, the Court considers that the merits of Plaintiff's claims are dubious. While the Plaintiff raises an unfortunate plight with respect to the foreclosure of his property, the Court nevertheless must balance the merits of his claim with the expenditure of scarce *pro bono* resources. On the balance, use of such resources is not justifiable.

Accordingly, the Court declines to appoint *pro bono* counsel for the Plaintiff at this time. Should Plaintiff seek appointment of counsel, he may file a motion after a Defendant has filed a response to the Complaint after proper service has been effected.[9]

Notwithstanding the above, the Clerk is directed to provide Plaintiff with the Court's List of Legal Service Providers regularly disseminated to *pro se* litigants, so that Plaintiff may make his own efforts to obtain legal advise or legal representation at no cost or low cost.

### CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's renewed Motion for Leave to Proceed *in forma pauperis* (Docket No. 5) is ALLOWED;

2. The Clerk shall issue summonses as to Defendants: (i) Office of the Attorney General for the Commonwealth of Massachusetts; and (ii) Massachusetts Attorney General Martha Coakley only. No summonses shall issue as to Harmon Law Firm or Attorney Francis J. Nolan pending further Order of this Court;

3. If directed by the Plaintiff to do so, the United States Marshal shall effect service on the Defendants;

4. Plaintiff's claims against Defendants Harmon Law Firm and Attorney Francis J. Nolan

---

[9]Plaintiff has previously been provided with the Court's list of Legal Service Providers.

shall be dismissed in 35 days of the date of this Memorandum and Order unless Plaintiff demonstrates good cause in writing why his claims against these Defendants should not be dismissed; and

5.  The Court declines to appoint *pro bono* counsel for the Plaintiff.

SO ORDERED.

/s/ Nancy Gertner
UNITED STATES DISTRICT JUDGE

DATED:  October 29, 2009